**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| BRYAN BRACY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 2:14-cv-2728-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| HAPAG-LLOYD AG; HAPAG-LLOYD USA, | ) | |
| LLC; HAPAG-LLOYD AMERICA INC.; UPS | ) | |
| SUPPLY CHAIN SOLUTIONS, INC.; UPS | ) | |
| SUPPLY CHAIN SOLUTIONS GENERAL | ) | |
| SERVICES, INC.; UPS SCS INDIA PVT LTD; | ) | |
| UPS ASIA GROUP PTE, LTD; and AKSH | ) | |
| TECHNOLOGIES LIMITED, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant AKSH Technologies Limited's ("AKSH") motion to dismiss plaintiff Bryan Bracy's ("plaintiff") complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons set forth below, the court denies AKSH's motion to dismiss.

## I.  BACKGROUND

Plaintiff is a citizen of Berkeley County, South Carolina, and is employed as a commercial truck driver. Defendants are each business organizations organized under the laws of various states and countries. Compl. ¶¶ 1–9, 11. AKSH "manufactures optical fiber and optical fiber cables and is authorized to do business on a regular basis globally and [in] the United States." Id. ¶ 9. The remaining defendants—Hapag Lloyd AG, Hapag-Lloyd USA, LLC; UPS Supply Chain Solutions, Inc.; UPS Supply Chain Solutions General Services, Inc.; and UPS Asia Group PTE, Ltd.—are each involved in

1

"the business of worldwide container shipping [] as a common carrier of merchandise by water for hire." Id. ¶¶ 2–8.

On or about September 20, 2012, AKSH shipped a load of thirty-six wooden spools of optical fibre cable from the Port of Mundra, India, to Corning Cable Systems, LLC ("CCS") via the Port of Charleston, South Carolina. Id. ¶ 16. Plaintiff alleges that the "shipment was not in good order, as it was improperly packed, improperly loaded, and improperly secured." Id. On or about October 17, 2012, plaintiff picked up the shipment from one of the other defendants.[1] Plaintiff then attempted to deliver the shipment to CCS, but plaintiff's truck overturned on its right side while turning left from Cole Road onto Centre Boulevard in Winston Salem, North Carolina, causing plaintiff various injuries. Id. ¶¶ 19–20. Plaintiff contends that this incident occurred because the shipment was improperly loaded, braced, and blocked inside the shipping container, placing excess strain on the right side of the tractor trailer. Id. ¶¶ 27–30.

On July 3, 2014, plaintiff brought the instant action, claiming defendants "willful[ly], reckless[ly], negligent[ly] and/or grossly negligent[ly] fail[ed] to properly and safely load, stow, lash, stack, carry, discharge, deliver and/or care for the subject cargo." Id. ¶ 34. On May 15, 2015, AKSH filed its motion to dismiss. Plaintiff filed a response on June 8, 2015. The court heard arguments on the matter on February 3, 2016, and the motion is now ripe for the court's review.

---

[1] The complaint is not particularly clear on this point, simply stating that plaintiff picked up the shipment from "Defendants UPS." Compl. ¶ 19. Despite this vague language, it is fairly clear that the shipment was transported from Charleston, South Carolina, to Winston Salem, North Carolina, by some UPS entity, where it was subsequently picked up by plaintiff for delivery to CCS. See Compl. ¶¶ 19–20, 25; Def.'s Mot. 2 n.2 (clarifying street references in the complaint). To the extent this information was provided by AKSH, plaintiff has offered nothing to dispute it.

# II.  STANDARDS

## A.    Subject Matter Jurisdiction

The determination of subject matter jurisdiction must be made at the outset before any determination on the merits.  Steel Co. v. Citizens for a Better Environment, 523 U.S. 83 (1998).  "The plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged under Rule 12(b)(1)."  Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).  If the plaintiff cannot overcome this burden, then the claim must be dismissed. Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005).  When a party contends that "the complaint [] fails to allege facts upon which subject matter jurisdiction can be based[,] . . . all the facts alleged in the complaint are assumed to be true."  Luna-Reyes v. RFI Const., LLC, 57 F. Supp. 3d 495, 499 (M.D.N.C. 2014) (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)).  "[A] trial court should dismiss under Rule 12(b)(1) only when the jurisdictional allegations are 'clearly . . . immaterial, made solely for the purpose of obtaining jurisdiction or where such a claim is wholly unsubstantial and frivolous.'"  Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

## B.    Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted."  When considering a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor.  See E.I. du Pont de Nemours & Co. v. Kolon Indus., 637 F.3d 435, 440 (4th Cir. 2011).  But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

3

conclusions." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  On a motion to dismiss, the court's task is limited to determining whether the complaint states a "plausible claim for relief." <u>Id.</u> at 679.  Although Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).  "Facts pled that are 'merely consistent with' liability are not sufficient." <u>A Soc'y Without a Name v. Virginia</u>, 655 F.3d 342, 346 (4th Cir. 2011) (quoting <u>Iqbal</u>, 556 U.S. at 678).

### III.   DISCUSSION

AKSH brings the instant motion to dismiss on two grounds:  (i) plaintiff's allegations in the complaint are insufficient to invoke this court's subject matter jurisdiction, Def.'s Mot. 3–6; and (ii) plaintiff has failed to state a claim upon which relief can be granted, <u>id.</u> at 6–8.  The court addresses each argument in turn.

#### A.    Subject Matter Jurisdiction

At the outset, plaintiff concedes that admiralty jurisdiction does not apply in this case.  Pl.'s Resp. 1.  Plaintiff also fails to address AKSH's challenge to plaintiff's reliance on federal question jurisdiction.  <u>See</u> Def.'s Mot. 3–4.  However, the brief mention of federal question jurisdiction in the complaint appears to be intertwined with plaintiff's now abandoned assertion of admiralty jurisdiction.  In other words, it appears that plaintiff was simply arguing that the court had federal question jurisdiction because the claim "arose under" the federal statutes and rules governing admiralty jurisdiction.

4

<u>See</u> Compl. ¶ 10.  As such, it is the court's understanding that plaintiff's concession on the admiralty jurisdiction issue also resolves any assertion of federal question jurisdiction.

This leaves plaintiff's assertion of diversity jurisdiction under 28 U.S.C. § 1332. Compl. ¶ 11.  District courts "have original jurisdiction over all civil actions where the matter in controversy exceeds [] $75,000" and the controversy is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a).

### 1.     Amount in Controversy

AKSH first argues that plaintiff has failed to provide facts supporting the legal conclusion that the amount in controversy exceeds $75,000.  Def.'s Mot. 4.

While it is plaintiff's burden to plead sufficient facts to invoke the court's subject matter jurisdiction, it is the movant's burden to show that, as a matter of legal certainty, such facts have not been pleaded.  <u>See</u> <u>JTH Tax, Inc. v. Frashier</u>, 624 F.3d 635, 638 (4th Cir. 2010) ("Defendants, seeking dismissal of diversity actions for lack of a sufficient amount in controversy, must therefore shoulder a heavy burden.  They must show 'the legal impossibility of recovery' to be 'so certain as virtually to negative the plaintiff's good faith in asserting the claim.'" (quoting <u>Wiggins v. N. Am. Equitable Life Assurance Co.</u>, 644 F.2d 1014, 1017 (4th Cir.1981))); <u>Clifton v. Nationstar Mortg., LLC</u>, No. 3:12-cv-02074, 2013 WL 789958, at *6 (D.S.C. Mar. 4, 2013) ("Defendant must show to a legal certainty that the jurisdictional amount cannot be met to establish that the court lacks subject matter jurisdiction.").  Despite this high burden, a complaint must at least provide allegations from which some amount in controversy can be determined.  <u>See</u>

Leon v. Ogletree, Deakins, Nash, Smoak & Stewart, PC, No. 6:13-cv-0072, 2013 WL 968157, at *4 (D.S.C. Feb. 22, 2013), report and recommendation adopted sub nom. Leon v. Ogletree, Deakins, Nash, Smoak & Stewart, P.C., 2013 WL 968263 (D.S.C. Mar. 12, 2013) (finding the complaint failed to adequately plead subject matter jurisdiction when plaintiff did not "allege the nature of the damages he personally sustained, or what monetary value should be placed on those damages").  Notably, however, this does not necessarily require that the plaintiff actually quantify its damages in the complaint.  In Marvel-Schebler Aircraft Carburetors LLC v. AVCO Corp., for instance, the court found that the plaintiff sufficiently pleaded diversity jurisdiction by alleging that "[t]he matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs," despite the fact that the plaintiff failed to identify, "as to each claim, the specific amount of damages to which [plaintiff] claim[ed] entitlement."  2012 WL 3637674, at *3 (M.D.N.C. Aug. 22, 2012); see also Marfork Coal Co. v. Smith, 2010 WL 693258, at *2 (S.D. W. Va. Feb. 22, 2010) (finding complaint sufficiently pleaded jurisdictional amount where it outlined the numerous harms suffered by the plaintiff and stated that, if injunctive relief were denied, plaintiff's damages would exceed jurisdictional amount).[2]

Here, the complaint does not indicate a specific amount in controversy or provide any basis for calculating such an amount.  Rather, the complaint simply alleges that the plaintiff incurred medical bills, and suffered physical and emotional pain, mental anguish, disability, loss of income and/or earning capacity, and a loss of enjoyment of life.

---

[2] The Marfork Coal plaintiff appears to have also included a "request for 'compensatory damages in excess of $75,000,'" Marfork Coal, 2010 WL 693258, at *1, which is particularly analogous to the case at hand.  See Compl. ¶ 11 (noting that "the matter in controversy exceeds $75,000").  However, the Marfork Coal court did not reference this allegation when discussing whether the amount in controversy was sufficiently pleaded.

Compl. ¶¶ 37, 38.  These allegations give some indication of the nature of plaintiff's claims.  Plaintiff provides additional details in his response, explaining that he has "suffered permanent physical impairment and scarring following shoulder surgery and has incurred substantial medical expenses and considerable lost wages as a result of his injuries."  Pl.'s Resp. 4.  The court thinks it plausible to expect such damages to reach the $75,000 threshold.  Moreover, AKSH has not offered any argument as to why plaintiff's damages could not reach this threshold.  Instead, AKSH simply relies on the fact that plaintiff did not provide a specific dollar amount in the complaint.  The court finds that the allegations in the complaint provide enough indication of plaintiff's damages to survive the instant motion to dismiss.[3]  At this stage, it is AKSH, not plaintiff, who bears the burden of precisely identifying the amount in controversy.  The court finds that AKSH has not done so here.

### 2.     Diversity of Citizenship

AKSH next argues that plaintiff has failed to sufficiently allege complete diversity of citizenship because, as a limited liability company, Hapag-Lloyd USA, LLC possesses the citizenship of all of its members, and the complaint does not designate the citizenship of such members.  Def.'s Mot. 4.  At the February 3, 2016 hearing, the court directed the parties to conduct jurisdictional discovery on this matter and provide any

---

[3] Of course, AKSH will have ample opportunity to challenge the amount in controversy with actual evidence at a later stage.  In addition to challenging diversity jurisdiction based purely on the complaint, a defendant may also make an "evidentiary attack" by "[contending] that the jurisdictional allegations of the complaint were not true."  Adams, 697 F.2d at 1219.  "A trial court may then go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations."  Id.

relevant information to the court.  The parties have since provided the court with information indicating that diversity of citizen ship exists in this case.

On the basis of this information, the court finds that AKSH has failed to establish that diversity is lacking here.  Nevertheless, "[i]t is [] well-established that complete diversity must be <u>apparent from the pleadings</u>."  <u>Banner Life Ins. Co. v. Bonney</u>, 2011 WL 5027498, at *5 (E.D. Va. Oct. 21, 2011) (emphasis added).  In the case of business organizations, such as corporations or limited liability companies, which might have multiple citizenships, a complaint must make out allegations as to each form of citizenship.  <u>See</u> <u>Arnold ex rel. Arnold v. NHC Healthcare/Bristol, LLC</u>, 2014 WL 2584664, at *2 (W.D. Va. June 10, 2014) (discussing citizenship of a limited liability company defendant and finding that "[b]ecause the Complaint does not contain any allegations of the citizenship of the members of [the LLC], it is inadequate to show the diversity citizenship of this defendant"); <u>see also</u> <u>Bailey v. Washington Area Council of Eng'g Labs.</u>, 2015 WL 5560544, at *8 (W.D. Va. Apr. 28, 2015) <u>report and recommendation</u> adopted, 2015 WL 5560545 (W.D. Va. Sept. 21, 2015) (finding that complaint should be dismissed pursuant to Rule 12(b)(1) where it failed to allege corporation's state of incorporation, stating "[w]ithout that information, the Court cannot resolve [the corporation's] citizenship and thus cannot determine whether complete diversity exists between the parties"); <u>Bonney</u>, 2011 WL 5027498, at *5 ("If a complaint fails to allege a corporation's principal place of business, and if there is a possibility that a party's citizenship, through its principal place of business, might destroy diversity, then the pleading is insufficient to establish diversity.").

The current complaint does not make any allegation regarding the citizenship of defendant Hapag-Lloyd USA, LLC's members.  Compl ¶ 3.  In fact, the complaint also fails to properly plead the citizenship of numerous other defendants.  Plaintiff alleges that, other than defendants Hapag-Lloyd AG and AKSH, each defendant is a "corporation organized and existing under the law of the United States."  Compl. ¶¶ 3–8.  This allegation not only fails to provide any meaningful indication of the defendants' states of incorporation, but it also lacks any mention of the defendants' principal places of business.  <u>Id.</u>  Though plaintiff attached an amended complaint to his response, this complaint does not provide any more information regarding the defendants' citizenship. <u>Id.</u>

Therefore, the court directs plaintiff to file an amended complaint reflecting the information uncovered through jurisdictional discovery within 15 days of the date of this order.  Plaintiff should set forth each component of each defendant's citizenship separately—for corporate defendants, identify both the defendant's state of incorporation and principal place of business, for limited liability companies, identify the citizenship of the members,[4] and so forth.

### B.    Failure to State a Claim

AKSH last argues that plaintiff has failed to state a claim for negligence under North Carolina law.[5]  Def.'s Mot. 6–8.  Specifically, AKSH argues that the complaint

---

[4] There is no need for the defendants to actually identify the individual members of any limited liability company or partnership; rather, it is only necessary to identify such members' citizenship.

[5] North Carolina law applies in this case because a court exercising diversity jurisdiction must apply the choice of law rules of the forum state, and in South Carolina, tort claims are governed by the substantive law of the state in which the injury

does not specify what duty AKSH owed to plaintiff, how that duty was breached, or how any such breach proximately caused plaintiff's injuries.  Id.

Under North Carolina law, a claim for common law negligence requires the following: "(1) a legal duty; (2) a breach thereof; and (3) injury proximately caused by the breach."  Fussell v. N.C. Farm Bureau Mut. Ins. Co., 695 S.E.2d 437, 440 (N.C. 2010) (quoting Sten v. Asheville Cit Bd. of Decu,, 262 S.E.2d 263, 267 (N.C. 2006)). "The law imposes upon every person who enters upon an active course of conduct the positive duty to exercise ordinary care to protect others from harm, and calls a violation of that duty negligence."  Id. (quoting Council v. Dicerson's, Inc., 64 S.E.2d 551, 553 (N.C. 1951)).  Though this duty "does not require perfect prescience," it nevertheless "extends [] to causes of injury that were reasonably foreseeable and avoidable through the exercise of due care."  Id.

Here, the complaint contains a long list of assertions essentially alleging AKSH was negligent in failing to properly load and transport the shipment.[6]  Compl. ¶¶ 27–36. AKSH even recognizes that, when read in the light most favorable to plaintiff, the complaint alleges "the accident occurred because the container being hauled by the Plaintiff's truck was improperly packed in India at some point before being delivered to

---

occurred—here, North Carolina.  Butler v. Ford Motor Co., 724 F. Supp. 2d 575, 581 (D.S.C. 2010).

[6] Despite AKSH's argument that the complaint only contains one allegation "directly against it," almost every allegation in the compliant—certainly those dealing with duty, breach, and causation in paragraphs 27 through 36—are directed at all "defendants."  See Compl. ¶¶ 27–36.  Moreover, the one allegation made "directly against" AKSH includes an assertion that AKSH delivered the shipment to the other defendants while the shipment was "not in good order, as it was improperly packed, improperly loaded, and improperly secured."  Id. ¶ 16.

10

the Port of Mundra." Def.'s Mot. 5. Moreover, the many references to "negligence"[7]

quite clearly refer to the "positive duty to exercise ordinary care to protect others from

harm." See Fussell, 695 S.E.2d at 440. AKSH cannot seriously dispute the existence of

such a duty under North Carolina law. The only question is whether the allegations in the

complaint plausibly support a breach of that duty that proximately caused plaintiff's

injuries.

This question can be resolved by a straightforward application of the general

principles outlined above. It is quite reasonable to think that the failure to properly load a

shipping container creates a risk of injuring employees involved in delivering that

container further down the supply chain. AKSH has failed to present any argument to the

contrary. See Def.'s Mot. 8. Moreover, courts have recognized that a failure to properly

load cargo may constitute a breach of the duty of ordinary care. See Silverman v. United

States, 2011 WL 65487, at *5 (M.D.N.C. Jan. 7, 2011) (recognizing, though ultimately

finding insufficient factual support for, a claim under North Carolina law that "USPS was

under a duty of ordinary care in loading the trailer that [plaintiff] hauled"); see also

Norris v. Socar, Inc., 946 F.2d 886 (4th Cir. 1991) (recognizing, though granting

summary judgment against, claim under South Carolina law that a steel fabricator and

shipper "negligently loaded and secured steel joists onto a tractor-trailer," causing the

truck to overturn). Thus, plaintiff has sufficiently pleaded facts which, taken to be true,

establish a breach of the duty of ordinary care that proximately caused plaintiff's injuries.

Accordingly, the court finds that plaintiff has sufficiently pleaded a claim upon

which relief may be granted.

---

[7] This would include the label of the cause of action.

11

## IV.   CONCLUSION

For the foregoing reasons, the court **DENIES** AKSH's motion to dismiss, but

directs plaintiff to file an updated amended complaint, in accordance with the instructions

set forth in part III.A.1. above.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 26, 2016**
**Charleston, South Carolina**

12